**SIGNED THIS: January 16, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | |
| ) | In Bankruptcy |
| VANCIL CONTRACTING, INC., ) | |
| ) | Case No. 06-71254 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| VANCIL CONTRACTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 07-7044 |
| ) | |
| TRES AMIGOS PROPERTIES, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# O P I N I O N

This matter comes before the Court upon Busey Bank's Motion to Dismiss Count III of the Second Amended Complaint filed by Vancil

-1-

Contracting, Inc. ("Vancil"), which seeks to foreclose a contractor's lien.  Busey Bank alleges that the "Contractor's Notice and Claim for Lien" ("Lien Notice") attached to the Second Amended Complaint as Exhibit B is defective because it is not verified by affidavit, as required by Illinois law.  Although the Court agrees with Busey Bank that the Lien Notice is defective and inadequate to preserve Vancil's statutory lien rights, the Court also finds that Vancil preserved its lien rights by the alternative method allowed by Illinois law of filing a suit to foreclose its lien within four months of completing construction.  Accordingly, Busey Bank's Motion to Dismiss will be denied.

Vancil filed its voluntary petition under Chapter 11 on September 18, 2006.  One asset of the Vancil estate is its claim that substantial funds are due to it by Tres Amigos Properties, LLC ("Tres Amigos") relating to the construction of a Hilton Garden Inn hotel in Springfield, Illinois.  Vancil filed this instant adversary proceeding to collect the sums it claims are due. Count III of Vancil's Second Amended Complaint names Busey Bank, as successor to both Main Street Bank & Trust and First National Bank of Decatur, as a defendant.  Count III seeks to foreclose Vancil's contractor's lien claim against the hotel property.  Busey Bank has an interest in the hotel property by virtue of a recorded mortgage.

The Lien Notice is a three-page draft document which appears to have been prepared by Vancil's attorneys.  The first two pages

contain six substantive paragraphs which set forth the factual allegations of the contract with Tres Amigos, the work done on the hotel construction, and the amounts claimed to remain due. The document is signed on the second page by Ron Vancil in his capacity as President of Vancil. The third page contains the following:

> STATE OF ILLINOIS    )
>                      ) S.S.
> COUNTY OF SANGAMON   )
>
>     I, the undersigned, a Notary Public in, and for said County and State aforesaid, DO HEREBY CERTIFY, that Ron Vancil, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she (sic) signed, sealed and delivered the said instrument as her (sic) free and voluntary act, for the uses and purposes therein set forth.
>
>     Given under my hand and official seal, this 7th day of December, 2005.
>
>                         /s/  Kelly E. Hillis        (SEAL)

Busey Bank asserts that the Lien Notice is defective because the factual allegations set forth in the first two pages are not made under oath and do not constitute an affidavit. Further, Busey Bank argues that the notarization of the Lien Notice on the third page provides only a witnessing of the signature of Ron Vancil and is not a verification of the Lien Notice, as required by Illinois law. Vancil concedes that there is nothing in the first two pages which could be construed as an oath or affidavit. Vancil does, however, assert that the notarization of the document constitutes

a verification sufficient to comply with Illinois law.

Section 7 of the Illinois Mechanics Lien Act ("Lien Act") sets forth the requirements for a valid contractor's lien, and specifically requires that any claim for lien must be "verified by the affidavit" of the contractor. 770 ILCS 60/7. The Illinois Supreme Court has held that the Lien Act must be strictly construed, and that a contractor's lien is only enforceable if the statutory requirements for the creation of the lien have been scrupulously observed. <u>First Federal Savings & Loan Association of Chicago v. Connelly</u>, 97 Ill.2d 242, 246, 454 N.E.2d 314, 316, 73 Ill.Dec. 454, 456 (1983). Verification by affidavit is a clear requirement for an enforceable contractor's lien claim, and the failure to verify renders a lien claim unenforceable. <u>Tefco Construction Co., Inc. v. Continental Community Bank and Trust Co.</u>, 357 Ill.App.3d 714, 721, 829 N.E.2d 860, 866, 293 Ill.Dec. 935, 941 (Ill. App. 2005).

Illinois law allows a notary public to perform certain acts, including "taking an acknowledgment, administering an oath or affirmation, taking a verification upon oath or affirmation, and witnessing or attesting a signature." 5 ILCS 312/6-101(a). "Verification upon oath or affirmation" is defined as a "declaration that a statement is true . . . ." 5 ILCS 312/6-101(c). By contrast, an "acknowledgment" is defined as a declaration that a "person has executed an instrument for the

-4-

          Document      Page 5 of 7

purposes stated therein", and that the person signing the instrument is actually the "person . . . represented and identified therein."  5 ILCS 312/6-101(b).

Illinois law also provides samples of the certificates which are sufficient to accomplish the notarial acts.  For a verification upon oath or affirmation, "[s]igned and sworn (or affirmed) to before me" is the suggested language to be included.  5 ILCS 312/6-105(c).

In reviewing the language of the third page of the Lien Notice, it is clear that the notary certificate is simply an acknowledgment.  It identifies Ron Vancil as the person signing, and states that the instrument was signed for the purposes set forth therein.  It contains no representation that Ron Vancil was placed under oath, or that he represented to the notary that, by oath or affirmation, he was verifying the truth of the matters set forth in the Lien Notice.  The language on page three of the Lien Notice is not a verification by affidavit as required by §7 of the Lien Act.

Because verification by affidavit is a requirement of the Lien Act to create an enforceable contractor's lien, and because the Lien Notice filed by Vancil contains no language which can be construed as a verification by affidavit, the Lien Notice was defective and inadequate to preserve Vancil's statutory lien rights.  Busey Bank is correct in asserting that a complaint to

foreclose statutory contractor's lien rights cannot be based on a faulty document.  Vancil argues, however, that even if the Lien Notice was defective, the Lien Act provides the alternative method of preserving lien rights by actually filing suit, and Vancil complied with that alternative.

Section 7 of the Lien Act provides that, in order for a contractor to preserve his or her lien rights and enforce such rights to the "prejudice of any other creditor or incumbrancer or purchaser", the contractor must, within four months of completing work, "either bring an action to enforce his or her lien" or file the lien claim, verified by affidavit.  770 ILCS 60/7.  Vancil has alleged, and it does not appear to be in dispute, that work on the hotel was completed on September 22, 2005.  On December 13, 2005, Tres Amigos filed suit in the Seventh Judicial Circuit, Sangamon County, Illinois, against Vancil to resolve disputes over the construction project.  On December 29, 2005, Vancil filed an Answer and Counter-Claim in that case which added Busey Bank's predecessors, Main Street Bank and Trust and First National Bank of Decatur, as Counter-Defendants.  Count I of the Counter-Claim sought to foreclose Vancil's lien rights pursuant to the Lien Act.  Because Vancil filed an action to enforce its lien rights within four months of completing work, its lien rights were preserved, despite its defective Lien Notice.

Busey Bank argues that, because Vancil plead in Count III that

it preserved its lien rights by filing the Lien Notice, and because that allegation is incorrect due to the defects in the Lien Notice, Count III fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Busey Bank overlooks the fact, however, that in both the Counter-Claim filed in state court and the Second Amended Complaint filed herein, Vancil specifically alleges, not only that its lien rights were preserved by the Lien Notice, but also that its lien rights were preserved by the timely filing of an action to foreclose. Accordingly, Count III is sufficiently plead and states a cause of action under the Lien Act.  Busey Bank's Motion to Dismiss will be denied.

    This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

    See written Order.

###