**SIGNED THIS: January 23, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re:                          )
                                )  In Bankruptcy
VANCIL CONTRACTING, INC.,       )
                                )  Case No. 06-71254
          Debtor.               )
_____  )
                                )
VANCIL CONTRACTING, INC.,       )
                                )
          Plaintiff,            )
                                )
     v.                         )  Adversary No. 07-7044
                                )
TRES AMIGOS PROPERTIES, LLC,    )
  et al.,                       )
                                )
          Defendants.           )
```

## O P I N I O N

This matter is before the Court on the Motion for Summary Judgment filed by Tres Amigos Properties, LLC ("Tres Amigos") as to

Count II of the Second Amended Complaint filed by Vancil Contracting, Inc. ("Vancil"). Tres Amigos contends that Vancil cannot pursue the *quantum meruit* claim plead in Count II by reason of the fact that the parties were bound by a valid written contract. Because the existence and validity of the contract have been admitted by Vancil, and because Vancil's statements and conduct have affirmed the existence and validity of the contract, there are no genuine issues of disputed material fact which would permit Vancil to recover under the theory of *quantum meruit*. Accordingly, Tres Amigos' Motion for Summary Judgment will be granted.

Vancil is an Illinois corporation engaged in the business of general contracting. Tres Amigos is an Illinois limited liability company which, in 2004, hired Vancil to build a Hilton Gardens Inn hotel ("the hotel") in Springfield, Illinois. Construction of the hotel was completed in September, 2005. On September 18, 2006, Vancil filed its Chapter 11 petition in bankruptcy. On April 2, 2007, Vancil filed a two-count adversary complaint seeking the recovery of money allegedly owed to it by Tres Amigos. Count I sought recovery under a contract between the parties, and Count II sought recovery under the equitable theory of *quantum meruit*. On May 3, 2007, Tres Amigos answered Count I and moved to dismiss Count II. On June 14, 2007, the Court entered an Order allowing Vancil to plead in the alternative, but requiring Vancil to amend

Count II of the complaint to omit an improper reference to work "under the Contract." On June 15, 2007, an Amended Complaint was filed. On September 19, 2007, with leave of court, Vancil filed its Second Amended Complaint. The Second Amended Complaint is filed in three counts. Count I is a claim under contract, Count II seeks recovery under the theory of *quantum meruit*, and Count III seeks foreclosure of Vancil's contractor's lien. On October 19, 2007, Tres Amigos filed its Answer and, on October 26, 2007, Tres Amigos filed its Motion for Summary Judgment as to Count II of Vancil's Second Amended Complaint, to which Vancil has filed a Response. Tres Amigos has replied to Vancil's Response.

Count I of Vancil's Second Amended Complaint (hereinafter "the Complaint") alleges that, on or about April 26, 2004, Vancil and Tres Amigos entered into a contract for the construction of the hotel. Vancil further asserts that it has performed all of its obligations under the contract and that Tres Amigos has paid Vancil $6,233,440. However, Vancil alleges, Tres Amigos breached the contract in various ways, *e.g.* by failing to provide an architect to supervise the project, by failing to review shop drawings, by failing to answer questions, and by failing to perform inspections for a period of several months, all of which caused significant delays and increased costs. Additionally, Vancil asserts that Tres Amigos has refused to pay the balance of sums due to it resulting from additional work and delays caused by Tres Amigos, and for

change orders totaling $1,431,213.  Vancil prays for a judgment in that amount and also seeks an award of 5% pre-judgment interest under the Illinois Interest Act, 815 ILCS §205/2, for Tres Amigos' alleged failure to make payment without just cause.

Count II of the Complaint similarly alleges that Vancil constructed the hotel at the request of Tres Amigos, that the value of the work performed by Vancil is $7,800,000, and that $6,233,440 has been paid.  Count II seeks judgment under the equitable theory of *quantum meruit*.  Vancil claims that $1,566,560 remains due, and seeks judgment in that amount plus statutory pre-judgment interest.

Count III, which seeks foreclosure of Vancil's contractor's lien, is not at issue here.

In its Motion for Summary Judgment, Tres Amigos argues that there cannot be a *quantum meruit* claim where there is an enforceable express contract between the parties concerning the same matters underlying the *quantum meruit* claim.  Tres Amigos states that Vancil has admitted the existence of the contract, and that the contract is and was, at all relevant times, valid and enforceable.

Vancil asserts that there are a number of factual issues which preclude an entry of summary judgment on Count II of the Complaint.  Vancil disputes the validity of the contract, contends that there was no "meeting of the minds", and asserts that, even if the parties entered into a contract, it was subsequently abandoned.

Vancil states that it provided materials and services not described in the contract and that, during performance, the parties modified or abandoned certain contractual terms by their conduct.  Vancil also contends that Tres Amigos failed, as enumerated above, to uphold certain of its obligations, *e.g.* timely providing an architect, answering questions, and performing inspections, all of which resulted in significant delays and additional costs to Vancil.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Bankr.P. 7056, *incorporating by reference* Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986).  Summary judgment will be granted only where it is clear that there is no dispute about the facts or inferences to be drawn therefrom.  Central Nat. Life Ins. Co. v. Fidelity and Deposit Co. of Maryland, 626 F.2d 537, 539 (7th Cir. 1980), *citing* U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994 (1962).  On a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party.  In re Chambers, 348 F.3d 650, 654 (7th Cir. 2003).  It is not the role of the trial court to weigh the evidence or to determine its credibility, and the moving party

cannot prevail if any essential element of its claim for relief requires trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). The movant bears the burden to prove each fact material to its claim and to establish that each fact is not in genuine dispute. If the movant fails to make that showing, summary judgment is not proper and must be denied. *See* In re Rogstad, 126 F.3d 1224, 1227-28 (9th Cir. 1997).

"The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." In re JII Liquidating, Inc, 341 B.R. 256, 263 (Bankr. N.D. Ill. 2006). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. ANR Advance Transp. Co. v. International Brotherhood of Teamsters, Local 710, 153 F.3d 774, 777 (7th Cir. 1998). The entry of summary judgment against a party is mandated if, after adequate time for discovery and upon motion, that party fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. *at* 322, 106 S.Ct. *at* 2552.

Property interests are created and defined by state law. Butner v. U.S., 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979). It has long been recognized that it is state law which determines property rights in the assets of a bankruptcy estate. Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. ___,

127 S.Ct. 1199, 1205 (2007). Thus, Illinois law governs in the adjudication of the claim or cause of action at issue here.[1] Based upon their pleadings and the sources of authority cited therein, the parties tacitly agree that such is the case.

The term "*quantum meruit*" is defined as "[t]he reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship." Black's Law Dictionary 1276, (8th ed. 2004). The theory of recovery in *quantum meruit* is that the defendant has received a benefit which would be unjust for him to retain without paying for it. Van C. Argiris & Co. v. FMC Corp., 144 Ill.App.3d 750, 753, 494 N.E.2d 723, 725-26, 98 Ill.Dec. 601, 603-04 (Ill. App. 1986); Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc., 87 Ill.App.3d 480, 486, 408 N.E.2d 1069, 1075, 42 Ill.Dec. 360, 366 (Ill. App. 1980) (citation omitted). To recover under a *quantum meruit* theory, a plaintiff must prove that (i) he performed a service to benefit the defendant, (ii) he did not perform this service gratuitously, (iii) the defendant accepted the service, and (iv) no contract existed to prescribe payment for this service. Canel and Hale, Ltd. v. Tobin,

---

[1] Article 14.2 of the Contract states: "This Agreement shall be governed by the law in effect at the location of the Project." The location of the Project is, as stated above, Springfield, Illinois. Though relevant to Count I of the Complaint, this provisions is irrelevant to Count II because Count II is not a claim based in contract. *See* infra.

304 Ill.App.3d 906, 913, 710 N.E.2d 861, 868, 238 Ill.Dec. 64, 71 (Ill. App. 1999). The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. Barry Mogul and Associates, Inc. v. Terrestris Development Co., 267 Ill.App.3d 742, 750, 643 N.E. 245, 251, 205 Ill.Dec. 294, 300 (Ill. App. 1994) (citations omitted). "If a quasi-contract action could be brought every time a party under contract performs a service not precisely covered by the contract, then the rule preventing quasi-contract actions when a contract exists would have little meaning." Industrial Lift Truck Service Corp. v. Mitsubishi International Corp., 104 Ill.App.3d 357, 361, 432 N.E.2d 999, 1002, 60 Ill.Dec. 100, 103 (Ill. App. 1982).

Vancil has admitted that it entered into a written contract with Tres Amigos. In a Verified Complaint filed December 13, 2005, in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, Tres Amigos (which was the plaintiff in the state court suit) states at paragraph 3:

> On or about April 26, 2004, Tres Amigos entered into an Owner and contractor agreement . . . with Vancil to construct the Hilton Garden Inn at 3100 S. Dirksen Parkway, Springfield, Illinois, "[w]here the Basis of Payment is a Guaranteed Maximum Price with an Option for Preconstruction Services."

Verified Complaint *at* p. 1 (*internal quotations in original*).

In its verified Answer and Counterclaim, Vancil (which was the defendant in the state court lawsuit) admitted the allegations

-8-

contained in paragraph 3 of Tres Amigos' complaint.

Judicial admissions are formal concessions in the pleadings that are binding upon the party making them. Keller v. U.S., 58 F.3d 1194, 1199 *fn. 8* (7th Cir. 1995). Once made, a judicial admission removes the proposition in question from the field of disputed issues. Id.; Giamanco v. Giamanco, 111 Ill.App.3d 1017, 1022, 444 N.E.2d 1090, 1094, 67 Ill.Dec. 606, 610 (Ill. App. 1982) (citation omitted). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Soo Line R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997).

In addition, during the period that the hotel was under construction, Vancil submitted 12 pay applications dating from June 11, 2004, to August 10, 2005, referring specifically to the contract and the contract price set forth in the written contract. Vancil also issued 99 change orders dating from April 29, 2004, to September 21, 2005, referencing the written contract. In spite of its protestations to the contrary, each of these documents constitutes an acknowledgment by Vancil of the existence and validity of the written contract between the parties.

Vancil has attempted to defeat the Motion for Summary Judgment by alleging that there was never a "meeting of the minds" to form the contract with Tres Amigos in the first place or, alternatively,

that if a contract was formed, Tres Amigos abandoned it.  In its Response to the Motion for Summary Judgment, however, Vancil does not allege any facts to support either theory.  To the contrary, the facts included by Vancil as "Additional Material Facts" in its Response all support the existence of a contract and provide no basis for a *quantum meruit* claim.

Vancil alleges a variety of acts by Tres Amigos which, if proven by competent evidence, would establish a breach of contract claim against Tres Amigos.  Such a claim for breach of contract is necessarily based, however, on the existence of a contract and is not properly plead under a theory of *quantum meruit*.

Likewise, Vancil has suggested that there were oral modifications of the contract with Tres Amigos notwithstanding that the written contract required all modifications to be in writing.  Vancil cites case law which provides authority for the enforcement of oral modifications to contracts containing express requirements that all modifications be in writing.  *See* Mayer Paving & Asphalt Co. v. Carl A. Morse Inc., 48 Ill.App.3d 73, 80, 365 N.E.2d 360, 365, 8 Ill.Dec. 122, 127 (Ill. App. 1977); Watson Lumber Co. V. Guennewig, 79 Ill.App.2d 377, 389-90, 226 N.E.2d 270, 276 (Ill. App. 1967).  A cause of action to collect for oral modifications of a contract is also, however, an action plead in contract.

Dismissal of the *quantum meruit* count will not preclude Vancil

from seeking damages for breach of contract by Tres Amigos or seeking compensation for work done based on oral modifications of the contract with Tres Amigos.  These claims are made in Count I as well as Count II and can be fully litigated notwithstanding a dismissal of Count II.

Because Vancil has both admitted the existence of a valid written contract between the parties and consistently conducted itself in a manner which acknowledged and affirmed the validity and existence of the written contract, the Court finds that there are no genuine issues of material fact as to the existence, at all relevant times, of a valid written contract between the parties. Accordingly, recovery under the quasi-contractual theory of *quantum meruit* is prohibited.  Tres Amigos' Motion for Summary Judgment as to Count II of the Second Amended Complaint must be granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###