**SIGNED THIS: March 19, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re:                          )
                                )   In Bankruptcy
VANCIL CONTRACTING, INC.,       )
                                )   Case No. 06-71254
            Debtor.             )
_____   )
                                )
VANCIL CONTRACTING, INC.,       )
                                )
            Plaintiff,          )
                                )
    v.                          )   Adversary No. 07-7044
                                )
TRES AMIGOS PROPERTIES, LLC,    )
   et al.,                      )
                                )
            Defendants.         )
```

## O P I N I O N

This matter comes before the Court on a Motion for Partial Summary Judgment filed by Tres Amigos Properties, LLC ("Tres

-1-

Amigos") as to Count III of the Second Amended Complaint with respect to Security Door & Hardware Co. ("Security Door") and Carpet Weavers, Inc. ("Carpet Weavers"). Tres Amigos seeks a determination that the mechanic's lien claims of Security Door and Carpet Weavers are unenforceable because they did not serve notices of their claims on Tres Amigos within 90 days of the completion of their work as required by the Illinois Mechanics Lien Act. 770 ILCS 60/0.01 *et seq*. Because Security Door is not a party to these proceedings, this Court cannot grant summary judgment against Security Door. Further, because Tres Amigos has not asserted any claim in this proceeding against Carpet Weavers, the Court cannot grant summary judgment in favor of Tres Amigos and against Carpet Weavers. Accordingly, the Motion for Partial Summary Judgment will be denied.

The Debtor-in-Possession, Vancil Contracting, Inc. ("Vancil") initiated this adversary proceeding on April 2, 2007, by filing a two-count Complaint seeking the recovery of money owed to it by Tres Amigos. Count I sought recovery under a contract between Vancil and Tres Amigos, and Count II sought recovery under the equitable theory of *quantum meruit*. The claims relate to the construction of a hotel by Vancil pursuant to a contract with Tres Amigos. On May 3, 2007, Tres Amigos answered Count I and moved to dismiss Count II. On May 9, 2007, Security Door and Carpet Weavers filed an Objection and Brief in Opposition to Tres Amigos' Motion

to Dismiss. On May 16, 2007, the Objection and Brief were stricken on the Court's own motion "by reason of having been filed by non-parties."

Vancil filed an Amended Complaint on June 15, 2007, and a Second Amended Complaint on September 19, 2007. The Second Amended Complaint added Count III, which seeks foreclosure of its mechanic's lien on the property owned by Tres Amigos. Vancil named nine additional parties - all alleged to be Vancil's subcontractors - as defendants in Count III. Carpet Weavers was named as a defendant, but Security Door was not. Carpet Weavers filed an Answer to the Second Amended Complaint.

On November 26, 2007, Capitol Ready-Mix, Inc., one of the additional defendants added by Vancil in Count III, filed an Answer to the Second Amended Complaint and a Counterclaim against Vancil, Tres Amigos, and the other defendants which Vancil had added in Count III. Carpet Weavers was named as one of the counter-defendants, but Security Door was not.

On February 5, 2008, Tres Amigos filed the instant Motion for Partial Summary Judgment. The Motion sets forth the following undisputed material facts:

1. Carpet Weavers filed its lien on April 5, 2006.

2. Carpet Weavers identified the last day of its work as October 17, 2005.

3. Carpet Weavers did not send a Notice of Subcontractor's Lien to the owner at any time prior to 90 days following the last date of its work.

-3-

    4.    Security Door filed its lien on July 16, 2007.

    5.    Security Door identified its last day of its work as October 27, 2005.

    6.    Security Door did not send a Notice of Subcontractor's Lien to the owner at any time prior to 90 days following the last date of its work.

Tres Amigos argues that neither Security Door nor Carpet Weavers has a valid lien because they failed to file a notice of mechanic's lien within 90 days of their completion of work as required by §§60/24(a) and 60/28 of the Illinois Mechanics Lien Act. 770 ILCS 60/24(a) and 28.

On February 6, 2008, this Court entered an Order setting a briefing schedule on the instant motion. The Court directed Security Door and Carpet Weavers to respond by February 27, 2008, and Tres Amigos to reply by March 12, 2008. The Court further directed that the Response and Reply "should be filed in the form required by Rule 7.1(D) of the Local Rules of the U.S. District Court for the Central District of Illinois." This Court has repeatedly stressed the importance of strict compliance with the Local Rules regarding summary judgment motions. *See* In re Witt, 2008 WL 514999 *2 (Bankr. C.D. Ill.); In re Campbell, 372 B.R. 886, 890 (Bankr. C.D. Ill. 2007); In re Clayton, 369 B.R. 383, 388 (Bankr. C.D. Ill. 2007). Local Rule 7.1(D) requires that undisputed material facts be particularly set forth by the movant and that the respondent address each alleged undisputed fact. All assertions that facts are disputed must be supported by evidentiary

documentation.  Local Rule 7.1(D)(2) provides that "a failure to respond shall be deemed an admission of the motion."

On February 21, 2008, Security Door and Carpet Weavers filed a joint pleading which was docketed as a Response to Motion for Summary Judgment on Count III.  The pleading is actually entitled, "Motion to Segregate All Claims Against Tres Amigos from the Above Adversary by Carpet Weavers, Inc. and Security Door & Hardware Co. into Two Separate Adversary Proceeding (sic)".  This pleading wholly fails to comply with the requirements of Local Rule 7.1(D). In the pleading, Security Door and Carpet Weavers refer to Bankruptcy Rule 7042, which incorporates by reference Fed.R.Civ.P. 42, and argue that their disputes with Tres Amigos should be litigated in a separate trial.  They state that Security Door has never been named as a defendant in this adversary proceeding, and that a cross-complaint has never been filed by Tres Amigos against Carpet Weavers.  Strangely, however, after identifying these serious issues, neither Security Door nor Carpet Weavers sought any relief based on the non-party status of Security Door or the lack of a pending cross-claim between Tres Amigos and Carpet Weavers.

On March 6, 2008, more than a week after the deadline set by the Court for a response to Tres Amigos' Motion for Partial Summary Judgment, Security Door and Carpet Weavers filed a Brief in Opposition to Motion for Summary Judgment.  The Brief does not address any of the undisputed facts set forth by Tres Amigos, as

required by Local Rule 7.1(D). Tres Amigos alleged very straightforward, undisputed facts which appear to be sufficient to defeat a subcontractor's lien, and Security Door and Carpet Weavers have not disputed any of those facts in their Brief. Attached to the Brief are the front page of a complaint filed by Tres Amigos against Vancil in the Sangamon County Circuit Court and the first page of an answer and counter-claim filed by Vancil in the same case. Security Door and Carpet Weavers are not mentioned in those pleadings. Security Door and Carpet Weavers also submitted with their Brief a contractor's notice and claim for mechanic's lien filed by Vancil. That document does not identify subcontractors such as Security Door and Carpet Weavers or the amounts due to any subcontractors.

   Notwithstanding the complete failure of Security Door and Carpet Weavers to comply with the Local Rules regarding summary judgment motions and the undisputed nature of the material facts, the present posture of the pleadings precludes this Court from granting summary judgment in favor of Tres Amigos. Security Door has not been named as a defendant in any of the pleadings and was never served with summons in this case. Further, Security Door has not intervened in the proceeding by following the procedures set forth in Bankruptcy Rule 7024. Thus, Security Door is not a party to these proceedings and this Court cannot grant summary judgment against Security Door.

Carpet Weavers was named by Vancil as a defendant in Count III.  Carpet Weavers was also named as a counter-defendant by Capitol Ready-Mix, Inc.  Those pleadings make Carpet Weavers a co-defendant of Tres Amigos.  However, neither Tres Amigos nor Carpet Weavers has filed a cross-claim against the other party.

Summary judgment may be sought by a party claiming relief or by a party against whom relief is sought.  Fed.R.Civ.P. 56(a) and (b).  In this proceeding, neither Tres Amigos nor Carpet Weavers has filed a pleading which asserts a claim for relief against the other party.  Thus, there is no claim upon which the Court may grant summary judgment.  *See* Fraioli v. Lemcke, 328 F.Supp.2d 250, 263, *n.4* (D. R.I. 2004); Blonder v. Casco Inn Residential Care, Inc., 2000 WL 761895 *1 (D. Me.).

The pleading filed by Security Door and Carpet Weavers on February 21, 2008, was not responsive to Tres Amigos' Motion for Partial Summary Judgment.  The motion seeks to segregate the claims allegedly made by Security Door and Carpet Weavers against Tres Amigos in this adversary proceeding into two separate adversary proceedings. As discussed above, however, there are no pleadings – complaints, counterclaims, or cross-claims – filed in this proceeding wherein Security Door and Carpet Weavers have asserted a claim against Tres Amigos or wherein Tres Amigos has asserted a claim against Security Door or Carpet Weavers.  Thus, the Motion of Security Door and Carpet Weavers is meaningless and must be denied.

For the foregoing reasons, Tres Amigos' Motion for Partial Summary Judgment on Count III will be denied. In addition, the Motion by Security Door and Carpet Weavers to Segregate all Claims against Tres Amigos will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###