**SIGNED THIS: June 24, 2008**

                                                    **MARY P. GORMAN**
                                      **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re:                           )
                                 )   In Bankruptcy
VANCIL CONTRACTING, INC.,        )
                                 )   Case No. 06-71254
          Debtor.                )
_____  )
                                 )
VANCIL CONTRACTING, INC.,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Adversary No. 07-7044
                                 )
TRES AMIGOS PROPERTIES, LLC,     )
  et al.,                        )
                                 )
          Defendants.            )
```

## O P I N I O N

Before the Court is the Motion of the Defendant, Tres Amigos Properties, LLC, ("Tres Amigos") to Reconsider.  Tres Amigos seeks

reconsideration of the Court's March 19, 2008 ruling which denied Tres Amigos' Motion for Partial Summary Judgment as to Carpet Weavers, Inc.  The Court denied summary judgment because there were no pleadings wherein Carpet Weavers asserted a claim against Tres Amigos or wherein Tres Amigos asserted a claim against Carpet Weavers.  Thus, there was no claim upon which the Court could grant summary judgment.  Tres Amigos suggests that it was not necessary for Tres Amigos and Carpet Weavers to assert a claim against each other because the Illinois Mechanics Lien Act provides that all defendants in a lien foreclosure action "may contest each other's rights without any formal issue of record made up between them other than that shown upon the original complaint."  770 ILCS §60/9.

It is fundamental that state law often governs the substance of claims brought in bankruptcy courts.  Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. ___, 127 S.Ct. 1199, 1205 (2007); Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20, 120 S.Ct. 1951, 1955 (2000); In re Southern California Plastics, Inc., 165 F.3d 1243, 1247 (9th Cir. 1999) (state law controls the validity and effect of liens in the bankruptcy context).  However, bankruptcy courts follow federal procedure in applying state substantive law. In re Crest-Mex Corp., 223 B.R. 681, 684 (Bankr. S.D. Tex. 1998). *See also* Redfield v. Continental Casualty Co., 818 F.2d 596, 605 (7th Cir. 1987)

(District court considering a complaint based on substantive state law determines whether a cause of action has been sufficiently plead based on the requirements of the Federal Rules of Civil Procedure rather than state law). Thus, the question before the Court is whether §60/9 of the Illinois Mechanics Lien Act is a state law of substance or procedure.

Section 60/9 of the Illinois Mechanics Lien Act provides as follows:

> 60/9. Suit to enforce lien; joint suit; counterclaim; dismissal; continuance; limitation
>
> §9. If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien in the circuit court of the county where the improvement is located, and in the event that the contract relates to two or more buildings or two or more lots or tracts of land, then all of said buildings and lots or tracts of land may be included in one complaint. Any two or more persons having liens on the same property may join in bringing such suit, setting forth their respective rights in their complaint; all lien claimants not made parties thereto may upon filing a petition to intervene become defendants and enforce their liens by counterclaim against all the parties to the suit; and the complaint shall not thereafter be dismissed as to any lien claimant, or as to the owner or owners of the premises without the consent of such lien claimant. The plaintiff and all defendants to such complaint may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint, as well with respect to the amount due as to the right to the benefit of the lien claimed: Provided, that if by such contest by co-defendants any lien claimants be taken by surprise, the court may, in its discretion, as to such claim, grant a continuance. The court may render judgment against any party summoned and failing to appear, as in other cases of default. Such suit shall be commenced or counterclaim filed within two years after the completion of the

> contract, or completion of the extra or additional work, or furnishing of extra or additional materials thereunder.

770 ILCS §60/9.

The line between substantive law and a procedural rule is not always clear and, although not controlling, state law is instructive on the issue. See, *e.g.*, Young v. Chicago Transit Authority, 209 Ill.App.3d 84,93, 568 N.E. 2d 18, 154 Ill.Dec. 18 (1990).

> In general procedural law is "'[t]hat which prescribes the method of enforcing rights or obtaining remedies for their invasion; machinery for carrying on a suit.'" (People v. Ruiz (1985), 107 Ill.2d 19, 22, 88 Ill.Dec. 902, 479 N.E.2d 922, quoting Black's Law Dictionary 1367 (4th ed. 1951).) Substantive law, in contrast, establishes the rights whose invasion may be redressed through a particular procedure. More specifically, procedure embraces "pleading evidence and practice. Practice means those legal rules which direct the course of proceedings to bring parties into court and the course of the court after they are brought in." Ogdon v. Gianakos (1953), 415 Ill. 591, 596, 114 N.E.2d 686.

Rivard v. Chicago Fire Fighters Union, Local No. 2, 122 Ill.2d 303, 310-11, 522 N.E. 2d 1195, 119 Ill.Dec. 336 (1988).

A review of §60/9 establishes that it merely sets forth the procedures for bringing mechanics lien claimants before the court. It creates no substantive rights for those claimants. Therefore, §60/9 does not control this Court's decision on summary judgment.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, determines the procedures to be followed for summary judgment in a

bankruptcy adversary proceeding. Thus, even if §60/9 permits parties in an Illinois mechanics lien action to litigate their rights without the formality of filing a claim against each other, this does not affect the Court's analysis under Rule 56. The federal summary judgment rule pertains to a "party claiming relief...on all or part of the claim." *Fed.R.Civ.Proc. 56.* Therefore, the filing of a claim is a prerequisite to granting summary judgment. In the absence of any such claim, summary judgment cannot be considered.

For the foregoing reasons, Tres Amigos' Motion to Reconsider as to Carpet Weavers will be denied.

This Court's ruling of March 19, 2008 also denied Tres Amigos' requested summary judgment as to Security Door and Hardware Co. ("Security Door"). Tres Amigos did not explicitly seek reconsideration as to Security Door in its Motion to Reconsider, but did include a request for such reconsideration in the prayer for relief in its reply brief. The request can quickly be rejected. Not only has no claim ever been made by Tres Amigos against Security Door, but Security Door had not been served with summons and was not even a party to the adversary proceeding when summary judgment was sought against it. For the reasons set forth in the Opinion dated March 19, 2008 and set forth above with respect to Carpet Weavers, Tres Amigos' Motion to Reconsider as to Security Door will also be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. See written Order.

###